IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIE GRAHAM, Individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                  Civ. No. 22-0305 KG/GJF

BLUE CROSS AND BLUE SHIELD
OF NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER

Plaintiff Julie Graham, a citizen and resident of New Mexico, filed this lawsuit against Blue Cross and Blue Shield of New Mexico (BCBSNM)[1] in New Mexico state court March 21, 2022. She brings claims against BCBSNM for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, violations of the New Mexico Insurance Code, and violations of the New Mexico Unfair Practices Act related to the alleged wrongful denial or delay of pre-authorization for out-of-network medical services. She also proposes a class action against BCBSNM. BCBSNM, which contends it should have been identified as HCSC Insurance Services Company (HISC), a wholly owned subsidiary of Health Care Service Corporation, a Mutual Legal Reserve Company, timely removed the case to federal court on April 22, 2022, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (Doc. 1).

---

[1] Plaintiff alleges BCBSNM is a "corporate entity part of Health Care Service Corporation." (Doc. 1) at 12. Plaintiff is largely correct. BCBSNM is a trade name used by HCSC Insurance Services Company for purposes of a Medicaid provider contract with the Human Services Department of the State of New Mexico. BCBSNM is not a legally distinct entity.

Plaintiff timely filed a motion to remand on May 13, 2022, arguing that BCBSNM is a citizen of New Mexico, such that diversity does not exist, and, in the alternative, that BCBSNM consented to litigate disputes related to its Medicaid provider agreement with the State of New Mexico only in New Mexico's First Judicial District Court. (Doc. 9). Plaintiff admits she is a citizen of New Mexico and concedes that the diversity amount-in-controversy requirement is satisfied. *Id.* at 2. Plaintiff passingly disputes that the CAFA amount-in-controversy requirement is satisfied, solely on the basis that it "is not readily ascertainable at this time." *Id.* at 10. Plaintiff disputes only the citizenship of the BCBSNM and the applicability of a forum selection clause in the Medicaid contract with the State of New Mexico. For the reasons explained below, the Court finds the parties are diverse, Plaintiff's Motion is not well-taken, and Plaintiff's Motion is denied.

I.   *Standard of Review*

"Federal courts are courts of limited jurisdiction" and "must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (*Dutcher I*) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). The Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction" that jurisdiction exists; that showing must be made by a preponderance of the evidence. *Id.* at 985 (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1990)).

    a.   *Diversity Jurisdiction*

A defendant can remove a civil case brought in state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000.00 and the action is between citizens of

different states. 28 U.S.C. § 1332. The removing party bears the burden of proving diversity jurisdiction under Section 1332, and complete diversity does not exist where any plaintiff has the same citizenship as any defendant. *Dutcher I*, 733 F.3d at 987. All doubts are to be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

  b. *CAFA Jurisdiction*

"Under CAFA, a federal district court has subject matter jurisdiction 'over class actions involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member.)" *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) (*Dutcher II*) (alterations in original) (quoting *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009)). Once the removing party satisfies these three elements, the burden shifts to the plaintiff to show that jurisdiction is improper because one of CAFA's jurisdictional exceptions applies. *Id.* There are three exceptions to CAFA jurisdiction: 1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); 2) the home state exception, 28 U.S.C. § 1332(d)(4)(B); and 3) the discretionary exception, 28 U.S.C. § 1332(d)(3). *Id.* Unlike standard diversity jurisdiction under Section 1332(a), the Court is to resolve all doubts in CAFA cases "in favor of exercising jurisdiction over the case." *Id.* (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163–64 (11th Cir. 2006) (quoting S. Rep. No. 109–14, at *42 (2005))); *see also Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014) ("[CAFA]'s provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." (quoting S. Rep. No. 109–14, at *43 (2005)).

II. *Analysis*

The Court faces two legal questions: 1) is BCBSNM a legal entity separate and distinct from HISC, and if so, is it a New Mexico citizen?; and 2) does the forum selection clause in BCBSNM's Medicaid contract with State of New Mexico deprive this Court of jurisdiction?. For the reasons explained below, the Court answers both questions in the negative: BCBSNM is not a separate and distinct legal entity and is not a New Mexico citizen, and the forum selection clause in the Medicaid contract does not apply to this case.

a. *Citizenship of BCBSNM*

BCBSNM asserts that it is truly HISC—not a separate corporate entity—and, as such, is a citizen of Illinois. (Doc. 13) at 2; (Doc. 14) (Affidavit of Cory Hennek). In support, it cites the cover page of the Medicaid contract, noting the contract is between "New Mexico Human Services Department, New Mexico Behavioral Health Purchasing Collaborative and HCSC Insurance Service Company, operating as Blue Cross and Blue Shield of New Mexico." *Id.* (citing (Doc. 9) at 14 (Medicaid contract cover page)). HISC is incorporated in Illinois with its principal place of business in Illinois. (Doc. 14) at ¶¶ 4–5.

Plaintiff argues that BCBSNM is a "citizen of New Mexico, as New Mexico is its principal place of business pursuant to the terms of its Medicaid contract with the State," "whatever its alleged corporate structure." (Doc. 9) at 5. However, Plaintiff cites to no authority for the proposition that a division of a corporation or a trade name used by a corporation constitutes a separate legal entity with its own citizenship. While it may be true that BCBSNM primarily operates in New Mexico, it is not separate and distinct from HISC. *See* (Doc. 14) at ¶¶ 4–5; *see also* (Doc. 9) at 14 (cover page of Medicaid contract).

Plaintiff also cites to terms of the Medicaid contract requiring HISC to have "Key Personnel" residing in New Mexico as a basis for claiming that BCBSNM is a New Mexico citizen. (Doc. 9) at 6; (Doc. 16) at 2–3. However, the terms of the Medicaid contract are not as stringent as Plaintiff would claim: while the Medicaid contract does require HISC to provide a "Chief Medical Officer/Medical Director (CMO)" who resides in New Mexico, that person must be "dedicated to this Agreement." (Doc. 9) at 18 (excerpt of Medicaid contract). So, too, with the Chief Executive Officer (CEO), who "must be employed full-time by [HISC], must be primarily dedicated and must hold a senior executive or management position in [HISC's] organization." *Id.* The contract does not establish BCBSNM as a separate corporation or separate legal entity, and does nothing to negate the Hennek Affidavit's representation that HISC is incorporated in Illinois and has its whole nerve center—not just the "Key Personnel" for the BCBSNM operation—in Illinois.

The Court is not persuaded that BCBSNM has a separate legal character from HISC and is not persuaded that HISC is a citizen of any state other than Illinois. The removing party bears the burden of establishing the jurisdictional facts by a preponderance of the evidence. *Dutcher I*, 733 F.3d at 985. BCBSNM has satisfied its burden with respect to citizenship: BCBSNM is a trade name utilized by HISC, which is a incorporated in Illinois with its principal place of business in Illinois. For jurisdictional purposes, BCBSNM is a citizen of Illinois.

Because Plaintiff is a citizen of New Mexico and Defendant is a citizen of Illinois, and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332.

b. *CAFA Applicability*

Separate from diversity jurisdiction, CAFA grants the Court jurisdiction over class actions "involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member.)" *Dutcher II*, 840 F.3d at 1190 (alterations in original) (quotation omitted). The Court finds that CAFA provides a separate basis for subject matter jurisdiction over this case.

Plaintiff seeks to define the class as:

> All citizens of New Mexico who were participants in the BCBS Blue Cross Community Centennial program and who have been denied benefits and/or reimbursement for goods or services for which they were eligible under the program, who then requested an appeal of those denials, suffered a denial of their appeal, requested a Fair Hearing after denial of their appeal, and where Defendant BCBS then reversed its denial of the appeal, causing the Fair Hearing Bureau appeal to be vacated or dismissed.

(Doc. 1) at 41, ¶ 156 (Complaint). Plaintiff alleges that the BCBS Blue Cross Community Centennial program had 220,306 enrollees in January 2019; 267,795 in December 2020; and 291,272 in January 2022. *Id.* at 42, ¶ 160.

Plaintiff seems to concede that CAFA's numerosity requirement is satisfied—that is, at least 100 New Mexicans have had a similar problem with the BCBS Blue Cross Community Centennial program. *See* (Doc. 9) at 10 (not challenging numerosity). Accepting that there are at least 100 members in the proposed class, and applying Plaintiff's valuation of her own claim in excess of $75,000 to the other class member, it appears, by a preponderance of the evidence, that at least $5 million is in controversy (100 x $75,000 = $7,500,000).

Having found that this case satisfies CAFA's numerosity and amount-in-controversy requirements, and having already determined that BCBSNM is a citizen of Illinois and Plaintiff

is a citizen of New Mexico, the Court determines that CAFA provides a separate basis for exercising subject matter jurisdiction.

Plaintiff asserts that the local controversy exception applies. Because the defendant has effectively established that the CAFA elements are met, the burden shifts to the Plaintiff to show that jurisdiction is improper because on of CAFA's jurisdictional exceptions applies. *Dutcher II*, 840 F.3d at 1190. Plaintiff does not invoke any other exceptions, so the Court will only analyze the local controversy exception.

The "local controversy" exception, as defined in 28 U.S.C. § 1332(d)(4)(A), "operates as an abstention doctrine," rather than divesting the district court of jurisdiction. *Id.* (citing *Graphic Commc'ns Local 1B Health & Welfare Fund v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011)). "The local controversy provision is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole and all doubts [are] resolved in favor of exercising jurisdiction over the case." *Id.* (alteration in original) (quotations and citations omitted). However, "remand is mandatory if the plaintiff[] can show that [it] meet[s] the requirements of the local controversy exception." *Id.* (citing 28 U.S.C. § 1332(d)(4)).

The local controversy exception requires the Court to decline jurisdiction where:

> (1) more than two-thirds of the class members are citizens of the state where the action is filed; (2) plaintiff[] seek[s] "significant relief" from at least one local defendant who is a citizen of the state and whose alleged conduct forms a "significant basis" for the claims asserted; (3) the "principal injuries" were incurred in the state; and (4) no other class action "has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" in the three years prior."

*Id.* at 1190–91 (quoting 28 U.S.C. § 1332(d)(4)(A)). All four prongs must be satisfied.

Defendant notes that it is not a citizen of New Mexico, and therefore prong (2) cannot be satisfied. The Court agrees. Because Plaintiff cannot establish all four prongs, the local controversy exception does not apply and does not mandate remand.

    c. *Forum Selection Clause*

As a final basis in support of her Motion to Remand, Plaintiff argues that the forum selection clause in HISC's Medicaid contract with the State of New Mexico applies to this case and is mandatory, meaning that the case can only be heard in New Mexico's First Judicial District Court. (Doc. 9) at 8–9. While Plaintiff makes much of whether the forum selection clause is mandatory or permissive, she skips the essential antecedent questions: first, whether she can enforce that contract as a third-party beneficiary, and second, whether this claim arises under HISC's Medicaid contract with the State of New Mexico.[2]

The Court need not address whether this claim arises under the Medicaid contract because Plaintiff is not a party to the contract and is not an intended third-party beneficiary. Therefore, Plaintiff cannot enforce the forum selection clause.

The Medicaid contract[3] is between HSD and HISC, and specifically provides that: "Only the Parties to this Agreement, and their successors in interest and assigns, have any rights or remedies under, or by reason of, this Agreement." HISC/HSD Medicaid Contract at 7.12.2, p. 309, https://www.hsd.state.nm.us/wp-content/uploads/CC-2_0-BLUECROSS-BLUE-SHIELD-NM-SIGNED-CONTRACT.pdf, last accessed Jan. 12, 2023. Moreover, the Medicaid contract

---

[2] Plaintiff does address the third-party beneficiary question in her Reply. However, because her status as a purported third-party beneficiary is an essential element of her claim, she should have addressed it in her Motion.

[3] The Court easily accessed the voluminous, publicly-available contract at the link provided in Defendant's Response, and successfully navigated to the specifically identified provisions therein.

details a specific "Grievances and Appeals Systems" for "members," separate and apart from the *dispute* process arising under the contract. *Compare id.* at 4.16, pp. 208–214 *with id.* at 7.11, pp. 306–308.

As a general rule, "[o]ne who is not a party to a contract cannot sue to enforce it." *Thompson v. Potter*, 2012-NMCA-014, ¶ 10 (alteration in original) (quoting *Casias v. Cont'l Cas. Co.*, 1998-NMCA-083, ¶ 11).[4] However, "[a] third-party may have an enforceable right against an actual party to the contract if the third-party beneficiary is a beneficiary of the contract." *Id.* (alteration in original) (quoting *Callahan v. N.M. Fed'n of Teachers-TVI*, 2006-NMSC-010, ¶ 20). "There are two classes of potential beneficiaries to a contract, intended and incidental." *Id.* (citing *Tarin's, Inc. v. Tinley*, 2000-NMCA-048, ¶ 13). "Only an intended beneficiary has a right to enforce a contract to which he is not a party." *Id.* "The determination of whether a party is an intended beneficiary depends on the intent of the parties in making the contract." *Id.* "Intent to benefit a third party 'must appear either from the contract itself or from some evidence that the person claiming to be a third party beneficiary is an intended beneficiary.'" *Id.* (quoting *Valdez v. Cillessen & Son, Inc.*, 1987-NMSC-015, ¶ 34). "Incidental beneficiaries, on the other hand, are those who may derive incidental benefits from the performance of the contract but who were not intended to have rights to enforce it." *Id.*

Plaintiff bears the burden of establishing that she is an intended third-party beneficiary of the Medicaid contract with the right to enforce its provisions. *Casias*, 1998-NMCA-083, ¶ 11. Plaintiff has not carried her burden. Indeed, the clear language of the contract shows that there are no intended third-party beneficiaries. *See* HISC/HSD Medicaid Contract at 7.12.2, p. 309.

---

[4] Federal courts sitting in diversity apply the substantive law of the forum state. *McGehee v. Forest Oil Corp.*, 908 F.3d 619, 624 (10th Cir. 2018).

Because Plaintiff is not a party to the Medicaid contract and is not an intended third-party beneficiary, she cannot enforce the forum selection clause contained therein.

III.   *Conclusion*

For the reasons discussed above, the Court denies Plaintiff's Motion to Remand (Doc. 9).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE