IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIE GRAHAM, individually and
on behalf of others similarly situated,

        Plaintiff,

    v.                                            No. 1:22-cv-00305-KG-GJF

BLUE CROSS BLUE SHIELD OF
NEW MEXICO,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Blue Cross Blue Shield of New Mexico's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Doc. 64. The Court previously granted the motion in part and ordered more briefing on the question whether New Mexico Supreme Court precedent bars Plaintiff and Medicaid enrollee Julie Graham from bringing claims against Blue Cross under New Mexico's Trade Practices and Frauds Act ("TPFA"). Doc. 74 at 20. For the reasons below, Ms. Graham's TPFA claims at Counts 4 and 5 lack merit, and the remainder of Blue Cross' motion for judgment on the pleadings is therefore granted.

### *I.    Background*

The Court's prior decision on Blue Cross' motion for judgment on the pleadings described this case's background in detail. Doc. 74. The Court thus summarizes only those facts relevant to the remainder of Blue Cross' motion.

Under a contract with the State of New Mexico ("Medicaid Contract"), Blue Cross provides health care benefits to Medicaid enrollees in New Mexico, including Ms. Graham. *See id.* at *1–2. Ms. Graham filed this lawsuit in March 2022, bringing six claims that Blue Cross violated New

Mexico law by mishandling her claim for Medicaid benefits for treatment of her chronic pancreatitis. *Id.*

The Court dismissed three of Ms. Graham's claims on Blue Cross' Rule 12(b)(6) motion, leaving only Ms. Graham's TPFA claims at Counts 4 and 5 and New Mexico Unfair Practices Act ("UPA") claim at Count 6. Doc. 32.

Later, the Court dismissed Ms. Graham's UPA claim on Blue Cross' Rule 12(c) motion but ordered more briefing on Ms. Graham's TPFA claims at Counts 4 and 5 concerning whether Ms. Graham, as a Medicaid enrollee and nonparty to the Medicaid Contract, can sue Blue Cross under the TPFA given the New Mexico Supreme Court's decisions in *Jolley v. AEGIS*, 2010-NMSC-029, 237 P.3d 738; *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, 89 P.3d 69; and *Russell v. Protective Ins. Co.*, 1988-NMSC-025, 751 P.2d 693. *See* Doc. 74 at 20–21.

Ms. Graham filed supplemental briefing arguing that her TPFA claims are viable because she is a beneficiary of the Medicaid program under federal and state law. Doc. 75 at 11–14. Blue Cross filed supplemental briefing arguing that Ms. Graham cannot bring her TPFA claims because she is not an intended beneficiary of the Medicaid Contract. Doc. 76 at 1–2.

## II.     *Standard of Review*

Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion is reviewed under the same standards as a Rule 12(b)(6) motion. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Judgment on the pleadings is therefore warranted if the complaint does not allege "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

Rule 12(c) motion "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved, and the party is entitled to judgment as a matter of law. *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

### III.    Analysis

The Court concludes that the New Mexico Supreme Court's decisions in *Jolley*, *Hovet*, and *Russell* bar Ms. Graham from bringing her TPFA claims at Counts 4 and 5 in this case. The remainder of Blue Cross' Rule 12(c) motion is thus granted.

Together, *Jolley*, *Hovet*, and *Russell* hold that nonparties to an insurance contract can sue insurance companies under the TPFA only if they are "special beneficiaries of a [New Mexico] statutory scheme requiring mandatory insurance for the benefit of third parties." *Jolley*, 2010-NMSC-029, ¶ 22; *see Hovet*, 2004-NMSC-010, ¶ 23; *Russell*, 1988-NMSC-025, ¶¶ 12–16. These decisions create a "narrow exception[] for third-party beneficiary status" under New Mexico law based on a "narrow construction" of the TPFA. *Williams v. Foremost Ins. Co.*, 102 F. Supp. 3d 1230, 1236 (D.N.M. 2015).

For example, because New Mexico statutory law mandates that drivers obtain car insurance, in part, to protect other drivers, a nonparty to an "automobile liability policy may sue the insurer" for TPFA violations. *Hovet*, 2004-NMSC-010, ¶ 23. In contrast, because New Mexico statutory law does not mandate excess liability insurance coverage, which primarily benefits the insured, a nonparty to an excess liability insurance policy cannot sue an insurer for TPFA violations. *Jolley*, 2010-NMSC-029, ¶¶ 20, 22; *see also Williams*, 102 F. Supp. 3d at 1236 (declining to extend this narrow exception to homeowner's insurance because it is "not mandated by [New Mexico] law").

In this case, Ms. Graham does not point to, and the Court's independent research did not uncover, any New Mexico statute that requires citizens of New Mexico to enroll in Medicaid, much less to enroll in Medicaid to benefit the public. In other words, Ms. Graham fails to demonstrate

that she is a "special beneficiar[y] of a [New Mexico] statutory scheme requiring mandatory insurance for the benefit of third parties." *Jolley*, 2010-NMSC-029, ¶ 22.  Enrollment in Medicaid appears to be voluntary in New Mexico, and the program is subject to strict eligibility requirements that enrollees must meet before receiving benefits.  *See, e.g.*, NMSA 1978, §§ 27–2–12 *et seq.*

Ms. Graham raises several arguments in support of her TPFA claims, but the Court does not find them persuasive.  First, Ms. Graham contends that her TPFA claims survive because Blue Cross, "as [her] insurer, is in a first-party insurance relationship with [her]" and therefore owes her "contractual obligations."  Doc. 75 at 3.  The Court, however, specifically "direct[ed] the parties to limit their additional briefing to a discussion of the New Mexico Supreme Court's decisions in *Jolley*, *Hovet*, and *Russell*" and cautioned the parties not to "introduce new arguments" beyond the scope of those decisions.  Doc. 74 at 20 n.1.  Ms. Graham's "first-party" argument violates this directive, and the Court accordingly declines to consider it.

Next, Ms. Graham contends that her TPFA claims fit within the narrow exception to third-party beneficiary status that *Jolley*, *Hovet*, and *Russell* created because, once she made the decision to enroll in Medicaid, she was "required to enroll with a Managed Care Organization" (Blue Cross) under federal and state law.  *Id.* at 11–14.  This argument is based on a misreading of *Jolley*, *Hovet*, and *Russell*.  Again, those decisions allow third parties to assert TPFA claims against insurers only if they demonstrate that they are "special beneficiaries of a [New Mexico] statutory scheme *requiring mandatory insurance* for the benefit of third parties."  *Jolley*, 2010-NMSC-029, ¶ 22 (emphasis added).  That Ms. Graham was required to follow certain procedures once she made the voluntary decision to apply for Medicaid does not mean that New Mexico statutory law requires "mandatory insurance for the benefit of third parties" in the form of Medicaid.  Doc. 75 at 4.  The Court therefore rejects this argument as well.

*IV.*     *Conclusion*

The remainder of Blue Cross' Rule 12(c) motion for judgment on the pleadings (Doc. 64) is granted, and the Court dismisses Ms. Graham's TPFA claims against Blue Cross at Counts 4 and 5 with prejudice.  The Court previously dismissed Ms. Graham's claims at Counts 1, 2, and 6 with prejudice, Doc. 32 at 20; Doc. 74 at 20–21, but dismissed Ms. Graham's claim at Count 3 without prejudice, Doc. 32 at 20.  IT IS THEREFORE ORDERED that Ms. Graham may file an amended complaint **as to only Count 3** (breach of fiduciary duty) addressing the issues that the Court raised concerning this claim in its order granting in part and denying in part Blue Cross' Rule 12(b)(6) motion to dismiss.  *See* Doc. 32 at 12–13.  If Ms. Graham chooses to file an amended complaint as to only Count 3, she shall do so **within 21 days** of this order.  If she declines to file an amended complaint by that deadline, Count 3 will be dismissed with prejudice, and the Clerk will be directed to mark this case closed.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.